RECEIVED
JUL 29 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| TINA FUGATE, INDIVIDUALLY, AND ON BEHALF OF HER DECEASED SON, RANDALL TOLER | CIVIL ACTION NO. 2:16-00523 |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| SHERIFF SID GAUTREAUX, III, et al | MAG. JUDGE KAY |

## MEMORANDUM RULING AND ORDER

Before the court is a "Motion to Dismiss" (R. #13) wherein defendant, Charlie H. Bridges, M.D. seeks to be dismissed from the instant lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 USC § 1391(b) and Louisiana Civil Code article 3462, and Federal Rule of Civil Procedure 12(b)(5); Dr. Bridges alleges that this case was filed in an improper venue and the prescriptive period/statute of limitations on the claims has expired. Dr. Bridges asserts that the complaint should be dismissed for insufficient service of process in accordance with Federal Rules of Civil Procedure 12(b)(5) and 4(c). After Dr. Bridges filed the afore-mentioned motion to dismiss, plaintiff attempted service on defendant via a process server; plaintiff attempted service by leaving a copy of the claims with Juanisha Boyd at the office of Mayor Melvin "Kip" Holden which is not Dr. Bridges' dwelling house or usual place of abode. Juanisha Boyd is not a person appointed by a court or operation of law or by mandate to accept service for Dr. Bridges. Consequently, Dr. Bridges filed another "Motion to Dismiss" (R. #37) wherein the mover maintains again that the action must be dismissed in accordance with Federal Rule of Civil Procedure 12(b)(5) and 4(e).

1

Also before the court is a "Motion to Dismiss" (R. #14) filed by defendant, Chad Guillot, Prison Medical Services Staff (names currently unknown), and presiding officers in Prison Medical Services on duty on April 20, 2015 (names currently unknown) wherein movers seek to have the complaint dismissed with prejudice based on the instant action being filed in the wrong venue and there being no interruption of prescription; defendants maintain that prescription is not interrupted by the mere filing of a lawsuit in an inappropriate venue. Alternatively, defendants maintain that the plaintiffs have failed to properly serve them.

Finally, before the court is a "Motion to Dismiss" (R. #19) filed by defendants Lt. Colonel Dennis Grimes, Lt. James Sandridge, Sheriff Sid Gautreaux III and "UnKnown Officers" wherein the movers seek to have the complaint dismissed with prejudice for filing the instant lawsuit in an improper venue and the prescriptive period/statute of limitations on the claims assert has expired. These defendants further assert that the claims should be dismissed for insufficient service of process in accordance with Federal Rules of Civil Procedure 12(b)(5) and Rule 4(c).

**FACTUAL ALLEGATIONS**

In her complaint, plaintiff, Tina Fugate, individually and on behalf of her deceased son, Randall Toler, alleges that defendants denied the decedent, Randall Toler, necessary medical care and violated his rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and also violated the Americans with Disabilities Act.[1]

---

[1] 42 U.S.C. § 1211.

Specifically, plaintiff makes the following allegations. Mr. Toler was arrested on April 18, 2015 for shoplifting at a Rite Aid Pharmacy located in East Baton Rouge Parish; he was transported and booked into the East Baton Rouge Parish Prison. During the booking process Toler disclosed that he was a diabetic at which time he was finger-stuck and given 15 units of insulin. On April 20, 2015, despite his complaints of nausea, vomiting and "feeling sick", Toler was presented before the Commissioner who observed Toler's medical condition. The Commissioner requested that Toler be immediately sent to prison medical to see Dr. Blanch. Dr. Blanch never saw Mr. Toler.

Mr. Toler was returned to the medical tank at approximately 4:38 p.m. where his condition continued to deteriorate. Doctor call-out was conducted at approximately 6:00 p.m. but Dr. Bridges, the prison physician, was not directed to Mr. Toler's cell. Thereafter, Dr. Bridges found Mr. Toler on the floor in the medical tank; he was unresponsive and discolored. Dr. Bridges pronounced Mr. Toler dead at 7:04 p.m. on April 20, 2015.

Plaintiff brings the following claims against the various defendants named in this lawsuit: 42 U.S. C. § 1983, 5th, 8th and 14th amendments/ conditions of confinement-serious medical conditions, 14th Amendment due process and 8th Amendment cruel and unusual punishment/deliberate indifference, 42 U.S.C. § 12101, American with Disabilities Act, wrongful death and survival action.

## LAW AND ANALYSIS

All of the defendants move for dismissal with prejudice of the instant lawsuit because the complaint was filed in an improper venue and because prescription was not interrupted by the

filing of the complaint in an improper venue. They also assert that the complaint should be dismissed for insufficient service of process.[2]

*Improper Venue*

Relying on 28 U.S.C. § 1391, defendants maintain that the instant lawsuit was filed in the improper venue. When venue is challenged, plaintiff has the burden to establish that the judicial district he chose is the proper venue.[3]

Defendants remark that no defendant named in the complaint resides in the Western District of Louisiana, and plaintiff does not allege that any of the factual allegations made in the complaint occurred in this district. The complaint alleges that the events surrounding the death of Mr. Toler occurred in East Baton Rouge Parish and within the geographical limitations of the United States District Court for the Middle District of Louisiana. The arrest occurred in the City of Baton Rouge and Mr. Toler was booked into the East Baton Rouge Parish Prison. Furthermore, plaintiff has not challenged defendants' assertions that the instant lawsuit was filed in an improper venue. It is abundantly clear that the instant lawsuit was filed in an improper venue. Accordingly, it is

**ORDERED** that the motions to dismiss (R. #13, 14, 19, and 37) are hereby **GRANTED** to the extent that the court finds that the instant lawsuit was filed in the improper venue.

---

[2] Citing Federal Rule of Civil Procedure 12(b)(5).
[3] Ross v. Diagioria, 2012 WL 72703 (E.D. La. Jan 10, 2012).

**IT IS FURTHER ORDERED** based on our determining that this lawsuit was filed in an improper venue, that the instant lawsuit be and is hereby **TRANSFERRED** to the Middle District of Louisiana.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 29th day of July, 2016.

_____
JUDGE JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE