UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TINA FUGATE, INDIVIDUALLY AND
ON BEHALF OF HER DECEASED SON,
RANDALL TOLER

CIVIL ACTION

v.

NO. 16-364-JWD-RLB

SHERIFF SID GAUTREAX, III, ET AL.

## RULING AND ORDER

This matter comes before the Court on the *Motion to Dismiss* (Doc. 43) and the *Motion for Entry of Judgment of Dismissal* (Doc. 56), both filed by Defendant Charlie H. Bridges, M.D. Bridges seeks dismissal from the case for insufficiency of service of process under Fed. R. Civ. P. 4(e) and 12(b)(5). (Docs. 43 & 56.)

No opposition has been filed. This is so despite the fact that, on September 9, 2016, Magistrate Judge Bourgeois stayed the case and gave the Plaintiff until December 12, 2016, in which to file an opposition to Dr. Bridges' original motion to dismiss. (*See* Docs. 43, 50, & 53.)

Having carefully considered the law, facts in the record, and arguments of the parties, the *Motion to Dismiss* (Doc. 43) and the *Motion for Entry of Judgment of Dismissal* (Doc. 56) are **GRANTED IN PART** and **DENIED IN PART**. Bridges is dismissed for insufficiency of service of process.

However, the Court rejects Bridges' contention that the dismissal should operate with prejudice. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353 (3d ed. 2016) ("As usually is true of other Rule 12(b) motions, a dismissal under Rule 12(b)(4) or 12(b)(5) is not on the merits and has no res judicata effect."); *Abram v. Fulton Cty. Gov't*, 482 F. App'x 421, 424 (11th Cir. 2012) (unreported) ("Dismissal under Rule 12(b)(4) or

Rule 12(b)(5) does not constitute a judgment on the merits."); *Thomas v. Furness Pac. Ltd.*, 171 F.2d 434, 435 (9th Cir. 1948) (holding that the district court erred in dismissing a case "with prejudice" for improper service of process); *Ecclesiastical Order of Ism of Am, Inc. v. Chasin*, 653 F. Supp. 1200, 1204 (E.D. Mich. 1986), *aff'd sub nom. Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113 (6th Cir. 1988) ("This Court also believes that quashing service for insufficient process under Fed. R. Civ. P. 12(b)(4) or insufficient service of process under Fed. R. Civ. P. 12(b)(5) is not an adjudication on the merits."); *Chico v. Miller*, No. 05-3101, 2005 WL 2664586, at *6 (N.D. Ill. Oct. 19, 2005) (stating that, "Normally, a dismissal for insufficiency of service is without prejudice, pursuant to Rule 4(m), allowing the plaintiff to refile a complaint and restart the time for its service[,]" but holding that, because the statute of limitations had run, "any refiling would be futile, so we dismiss the complaint and the case with prejudice."). Accordingly, Defendant Charlie H. Bridges, M.D., is **DISMISSED WITHOUT PREJUDICE**.

Signed in Baton Rouge, Louisiana, on December 20, 2016.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**